S

JUDGE WOODS

**16 CV 7140**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHARLES SEIFE,

   2 Washington Sq. Vlg. #2R

   New York, NY 10012

     Plaintiff,

   v.

U.S. Department of State,

   2201 C St. NW

   Washington, DC 20520

## COMPLAINT FOR INJUNCTIVE RELIEF

**1.** This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records concerning certain press briefings and telephone calls dating from 2009 through 2014. These documents are held by the U.S. Department of State, and defendants have improperly withheld them from plaintiff.

**2.** This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

**3.** Plaintiff, Charles Seife, is a professor of journalism at New York University as well as an reporter and author who is both widely published and read. In addition to having published six books on mathematical and scientific subjects, his journalism has appeared in numerous newspapers and magazines, including *The New York Times*, *The Washington Post*, *The Philadelphia Inquirer*, *Science*, *The Los Angeles Times*, *The Economist*, *Smithsonian*, *Discover*, *Scientific American*, and many other publications. Plaintiff has requested this information because he is involved in an ongoing investigation of how government officials use embargoes and "on background" briefings to manipulate the press. There exists substantial public interest in this information, and plaintiff intends to write one or more publications based upon the contents of these documents. The records sought in this action are requested in support of these efforts..

**4.** Defendant U.S. Department of State is an agency in the executive branch of the United States government and has possession of the documents that plaintiff seeks.

## STATUTORY BACKGROUND

**5.** The FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty business days.  5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the requested records are exempt from public disclosure, the agency must also communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

6. Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the twenty business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the twenty business-day deadline for making that determination for an additional ten business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." Id.

7. Unless an agency subject to the FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, the FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

**8.** A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**9.** Agency action under the FOIA is also subject to judicial review under the APA. *Oregon Natural Desert Ass'n.. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (finding that violation of the FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law), *affirmed in part, reversed on other grounds, Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009). Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## STATEMENT OF FACTS

**10.** By fax dated July 22, 2014, plaintiff used FOIA to request access to unredacted transcripts of all press conferences, briefings, and telephone calls conducted by the administration "on

background"[1] between January 20, 2009 and July 21, 2014. A copy of this FOIA request is appended as Exhibit A.

**11.** Also by fax dated July 22, 2014, plaintiff requested more details about six background briefings and conference calls held by the state department between 2012 and 2014. Specifically, he requested, in addition to the unredacted transcripts, documents -- including but not limited to e-mails, meeting minutes, memos, and other communications -- which describe planning and/or execution of these conferences/briefings/calls. A copy of this FOIA request is appended as Exhibit B.

**12.** Defendant acknowledged receipt of both FOIA requests and gave the former request a case control number of F-2014-12997 and the latter request a case control number of F-2014-12996.

**13.** On February 16, 2015, plaintiff requested an estimated completion date for these requests, noting that, "... the statutorily required timeframe for the response -- even with the 10-day unusual circumstances extension -- has long since elapsed."

**14.** On February 25, 2015, defendants stated, " The estimated completion date for case control number F-2014-12996 is December 2015. The estimated completion date for case control number F-2014-12997 is March 2016."

**15.** As the estimated completion date for -12996 had already passed, on January 22, 2016, plaintiff requested updated estimated completion dates, noting, "As you are no doubt aware, it is

---

[1] "On background" typically refers to a situation where, as a condition of the briefing/conference/call/conversation, the press is required not to refer to one or more of the sources addressing the press by name. Instead, the press agrees to identify the source in an oblique fashion: as a "senior administration official" or some other moniker that obscures the source's true identity.

near the end of January 2016, and the estimated completion date for -12996 has passed without comment, and the estimated completion date for -12997 is looming."

**16.** On January 27, 2016, defendant stated -- without specifying whether -12996 and -12997 (or both) was meant, that the estimated completion date was June 2016.

**17.** As the estimated completion date given by Defendant had arrived, on June 7, 2016, plaintiff again requested updated estimated completion dates.

**18.** On June 7, 2016, defendant stated that " The estimated completion date (ECD) for case F-2014-12997 is: August 2016." The following day, the office stated, presumably about -12996, that, "Our office was recently informed that the search process has been completed and that the information located is in the review process. The estimated completion date for your request is December 2017."

**19.** As the estimated completion date given by Defendant for -12997 had arrived, on August 8, 2016, plaintiff requested an estimated completion date for F-2014-12997, noting, that it "... should be completed imminently."

**20.** On August 8, 2016, defendant stated, " Our electronic records indicate that processing of this case is still underway. The searches are still pending... We have contacted the analyst working on the case and have asked for a completion date. As soon as we receive the information, we will inform you."

**21.** By the date of this filing, defendant did not inform plaintiff of an updated -- or realistic -- completion date, nor has it provided any documents.

22. The FOIA requires an agency to issue a final determination resolving a FOIA request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

23. Defendant failed to respond to the information request within 20 business days from receipt of Plaintiff's July 22, 2014 FOIA requests as required by 5 U.S.C. § 552(a)(6)(A)(i).

24. Defendant failed to provide a written notice to the Plaintiffs asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline and providing the date on which the Agency expected to make the determination. 5 U.S.C. § 552(a)(6)(B)(ii).

25. None of FOIA's nine exemptions to mandatory disclosure apply to the information currently being withheld by defendants that is responsive to plaintiff's FOIA request.

26. As of the date this action was filed, the deadline for the defendant to issue a final determination on plaintiff's pending FOIA request has passed.

27. As of the date this action was filed, the defendant has not provided a final determination on Plaintiff's FOIA request pending with the Agency.

28. Because the Agency has not issued a final response to his FOIA request, Plaintiff has not filed an administrative appeal of any determination, and therefore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FREEDOM OF INFORMATION ACT: CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

29. The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

30. Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(1)-(9).

31. Defendant violated Plaintiff's rights in this regard by failing to comply with FOIA's decision deadlines and thus constructively withholding information responsive to Plaintiff's FOIA requests.

32. Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant and other government agencies in the foreseeable future.

33. Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's disclosure provisions as it has in this case.

34. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to receive public records under the FOIA.

35. Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

### COUNT II
### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DECISION DEADLINE VIOLATION

36. The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

**37.** Plaintiff has a statutory right to have Defendant process his FOIA requests in a manner which complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant unlawfully delayed its response to his information requests beyond the determination deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

**38.** Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which he is entitled and for which no valid disclosure exemption applies.

**39.** Based on the nature of Plaintiff's professional activities, he will undoubtedly continue to employ FOIA's provisions in information requests to Defendant and other government agencies in the foreseeable future.

**40.** Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's decision deadlines as it has in this case.

**41.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to receive public records under the FOIA.

**42.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT III
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

**43.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

**44.** Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to issue a timely final determination on Plaintiff's administrative requests.

**45.** Defendant has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests that are not within the scope of any of FOIA's disclosure exemptions; (2) issue a timely final determination of Plaintiff's administrative requests.

**46.** Plaintiff has been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests that are not within the scope of any of FOIA's disclosure exemptions; and (2) issue a timely final determination of Plaintiff's administrative requests; has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

**47.** Plaintiff has suffered a legal wrong as a result of the Defendant' failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests that are not within the scope of any of FOIA's disclosure exemption; and (2) issue a timely final determination on Plaintiff's administrative requests, has injured Plaintiff's interests in public oversight of governmental operations and constitute a

violation of Defendant's statutory duties under the APA.

**48.** Defendant's failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests that are not within the scope of any of FOIA's disclosure exemption; and (2) issue a timely final determination on Plaintiff's administrative requests, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**49.** Alternatively, Defendant's failure and refusal to: (1) provide to Plaintiff documents responsive to his information requests that are not within the scope of any of FOIA's disclosure exemption; and (2) issue a timely final determination on Plaintiff's administrative requests is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**50.** Plaintiff is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**51.** Plaintiff is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

**a.** Order Defendant in the form of injunctive relief to promptly provide Plaintiff all of the

information sought in this action;

**b.** Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under the FOIA, 5 U.S.C. § 552(a)(3), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**c.** Declare Defendant's failure to make a timely determination on Plaintiff's administrative requests to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**d.** Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law;

**e.** Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**f.** Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_[signature]_

Charles Seife (pro se)
2 Washington Square Village #2R
New York, NY 10012
(212)673-1645

Dated: 13 September 2016

# EXHIBIT A

# NEW YORK UNIVERSITY
## ARTS & SCIENCE

Charles Seife, Professor
ARTHUR L. CARTER JOURNALISM INSTITUTE

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100
Fax: (202) 261-8579

July 22, 2014

Dear FOI officer,

This is a request under the Freedom of Information Act, 5 USC §552.

I am a journalist and journalism professor who is investigating how government officials use embargoes and "on background" briefings to manipulate the press.

This request concerns press conferences, briefings, and calls that are conducted by the administration "on background": conferences, briefings, or calls in which one or more of the officials addressing the press is not publicly identified by name but his/her/their remarks are instead intended to be attributed to "senior administration official(s)," "State Department official(s)," "White House official(s)," or other similar titles that obscure the exact identity of the speaker.

In particular, for any "on background" conference/briefing/call that took place between January 20, 2009 and July 21, 2014, I request an unredacted transcript of each conference/briefing/call; such a transcript should identify officials involved in the conference/briefing/call by name. (I mean the word "officials" to include any official whose identity has been obscured -- for example, anyone speaking "on background" and/or who is referred to publicly as "senior administration official(s)", "senior State Department official(s)," "White House Official(s)", or the like.)

In case any of these requests are denied, I request:
    a) that a reason for the denial is given in writing
    b) that the nonexempt portions of those records be released with the omissions clearly marked and the reason for the omissions clearly explained
    c) that all documents responsive to this request be identified in the response to this FOIA, regardless of whether those documents are releasable or not

If possible, I would like to receive the documents in electronic format -- PDFs, DOCs, TXTs, RTFs, TIFFs, JPGs, GIFs, or other commonly-used formats would be fine.

As a member of the media, I am entitled to be placed in the "news media, educational, or scientific requesters" category. As such, I should only be charged for duplication fees beyond the first 100 pages.

Further, I assert that this request is in the public interest, because it is likely to contribute significantly to public understanding of the operations and activities of the government, and I therefore request a waiver of fees.

Sincerely,
Charles Seife
Professor, Journalism, NYU

20 Cooper Square, 6th Floor, New York, NY 10003
T. 212.998.7894 | F. 212.995.4148 | charles.seife@nyu.edu | www.journalism.nyu.edu

NEW YORK UNIVERSITY

# EXHIBIT B

**NEW YORK UNIVERSITY**
ARTS & SCIENCE

Charles Seife, Professor
ARTHUR L. CARTER JOURNALISM INSTITUTE

Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100
Fax: (202) 261-8579

July 22, 2014

Dear FOI officer,

This is a request under the Freedom of Information Act, 5 USC §552.

I am a journalist and journalism professor who is investigating how government officials use embargoes and "on background" briefings to manipulate the press.

This request concerns press conferences, briefings, and calls that are conducted by the administration "on background": conferences, briefings, or calls in which one or more of the officials addressing the press is not publicly identified by name but his/her/their remarks are instead intended to be attributed to "senior administration official(s)," "State Department official(s)," "White House official(s)," or other similar titles that obscure the exact identity of the speaker.

In particular, for each the following six "on background" conferences/briefings/calls:
    1) Background Conference Call by Senior Administration Officials on Iraq, conducted on or about June 20, 2014
    2) Background Briefing by Senior Administration Officials via Conference Call on Afghanistan, conducted on or about May 27, 2014
    3) Background Briefing on Syria, conducted on or about May 5, 2014
    4) Background Conference Call on Ukraine Sanctions, conducted on or about April 28, 2014
    5) Background Briefing on Designation of Boko Haram and Ansaru as Foreign Terrorist Organizations and as Specially Designated Global Terrorists, conducted on or about November 13, 2013
    6) Background Briefing on Section 1230 Report on Progress Toward Security and Stability in Afghanistan, Pentagon Briefing Room, conducted on or about December 10, 2012

I request the following documents:
    I) An unredacted transcript of each conference/briefing/call; such a transcript should identify officials involved in the conference/briefing/call by name. (I mean the word "officials" to include any official whose identity has been obscured -- for example, anyone speaking "on background" and/or who is referred to publicly as "senior administration official(s)", "senior State Department official(s)," "White House Official(s)", or the like.)
    II) Any documents -- including but not limited to e-mails, meeting minutes, memos, and other communications -- which describe planning and/or execution of these conferences/briefings/calls. Note that at least some of these documents are expected to contain the names of any officials who are to be present at the conference/briefing/call.

In case any of these requests are denied, I request:

20 Cooper Square, 6th Floor, New York, NY 10003
T. 212.998.7894 | F. 212.995.4148 | charles.seife@nyu.edu | www.journalism.nyu.edu

NEW YORK UNIVERSITY

a) that a reason for the denial is given in writing
b) that the nonexempt portions of those records be released with the omissions clearly marked and the reason for the omissions clearly explained
c) that all documents responsive to this request be identified in the response to this FOIA, regardless of whether those documents are releasable or not

If possible, I would like to receive the documents in electronic format -- PDFs, DOCs, TXTs, RTFs, TIFFs, JPGs, GIFs, or other commonly-used formats would be fine.

As a member of the media, I am entitled to be placed in the "news media, educational, or scientific requesters" category. As such, I should only be charged for duplication fees beyond the first 100 pages.

Further, I assert that this request is in the public interest, because it is likely to contribute significantly to public understanding of the operations and activities of the government, and I therefore request a waiver of fees.

Sincerely,

Charles Seife
Professor, Journalism, NYU
20 Cooper Sq. #628
New York, NY  10003
212 673 1645
charles.seife@nyu.edu

20 Cooper Square, 6th Floor, New York, NY 10003
T. 212.998.7894 | F. 212.995.4148 | charles.seife@nyu.edu | www.journalism.nyu.edu

NEW YORK UNIVERSITY